UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01143-DOC-DFM                          Date: October 8, 2024

Title: Artisan and Truckers Casualty Company et al. v. Hyundai Motor America et al.

---

PRESENT:       THE HONORABLE DAVID O. CARTER, U.S. DISTRICT JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [19]**

Before the Court is a Motion to Remand ("Motion" or "Mot.") (Dkt. 19) brought by Plaintiffs on June 27, 2024. The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this case to the Superior Court of California, County of Orange.

### I. Background

#### A. Facts

This case arises from numerous engine failure and engine fire claims submitted by Plaintiffs' insureds that owned or leased vehicles from Hyundai and Kia. Complaint ("Compl.") ¶ 32. (Dkt. 1). Plaintiffs are subrogated to the claims of their insureds against liable third parties, including the Defendants, Hyundai Motor America, Hyundai Motor Company, Kia America, Inc., and Kia Corporation. ("Defendants") Compl. ¶ 33. Plaintiffs raise claims of breach of implied warranty, breach of express warranty pursuant to Cal. Comm. Code § 2313, breach of express warranty in violation of the Song-Beverly Consumer Warranty Act, violations of the California Song-Beverly Consumer Warranty Act, violations of the California Consumers Legal Remedies Act, violations of California Unfair Competition Law, fraud, negligence, negligent failure to warn, negligent misrepresentation, and strict liability. *See generally* Compl.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01143-DOC-DFM                                        Date: October 8, 2024

Page 2

**B.      Procedural History**

Plaintiffs filed their Complaints against California citizen Defendants Hyundai Motor America and Kia America, Inc., and Defendants Hyundai Motor Company and Kia Corporation, who are citizens of South Korea, on May 22, 2024, in Orange County Superior Court. Notice of Removal (Dkt. 1). Seven days later, on May 29, 2024, Defendants removed the case to federal court on the basis of diversity jurisdiction, prior to Defendants being served. *See generally* Notice of Removal. Plaintiffs filed the present Motion on June 27, 2024, seeking remand to the Orange County Superior Court. *See generally* Mot. Defendants filed their Opposition to the Motion on July 12, 2024. Opposition ("Opp'n") (Dkt. 29). On July 29, 2024, Plaintiffs subsequently filed their Reply (Dkt. 31).

**II.      Legal Standard**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. Ninth Circuit precedent has long recognized the strong presumption against removal and that statutory removal procedures are to be strictly construed against removal. *See Prize Frize, Inc., v. Matris (U.S.), Inc.*, 167 F.3d1261, 1265 (9th Cir. 1999), *superseded by statute on other grounds as stated in City of Oakland v. BP PLC*, 969 F.3d 895 (9th Cir. 2020); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (holding that the party seeking removal bears the burden of establishing federal jurisdiction); *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985); *see also Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970) (finding a presumption that federal courts "are without jurisdiction unless the contrary affirmatively appears").

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01143-DOC-DFM                                                   Date: October 8, 2024

Page 3

state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

**III. Discussion**

The forum defendant rule provides that "[a] civil action otherwise removable . . . may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added).

Defendants argue that so long as removal is achieved before the in-forum defendant is served, the forum defendant rule does not apply. This position has been dubbed "snap removal." *Cadena v. Polaris Indus. Inc.*, No. 3:23-cv-00443-YY, 2023 U.S. Dist. LEXIS 165026, 2023 WL 6004228, at *2 (D. Or. Aug. 15, 2023). The three categories of snap removal cases are: 1) when an out-of-forum defendant attempts to remove to federal court before *any* defendant is served; 2) when an in-forum defendant attempts to remove before they themselves or another in-forum defendant are served; and 3) when an out-of-forum defendant attempts to remove before the in-forum defendant is served. *See* 2023 U.S. Dist. LEXIS 165026, WL at *3. This case falls into the first category.

The Ninth Circuit has not ruled directly on the issue of snap removal argued by the Defendants here. Recently, though, the Ninth Circuit held that removal before a case has been officially filed in a California superior court, called "super snap removal," is not permitted. *Casola v. Dexcom, Inc.*, 98 F.4th 947, 965 (9th Cir. 2024) ("While the final chapter on snap removals in the Ninth Circuit remains to be written, today we close the book on California defendants' attempts at ever-snappier snap removals.") In the absence of circuit authority, lower courts have generally: 1) denied remand after an analysis of the statute's plain language; 2) granted remand after finding that a literal interpretation of the statute would lead to an absurd result; 3) granted remand as long as one defendant had been served; or 4) granted remand after an analysis of the statute's plain language and legislative history. *See Talbot v. Tokarski*, No. CV-14-117-BLG-SPW-CSO, 2014 U.S. Dist. LEXIS 151331, 2014 WL 5437035, at *2 (D. Mont. Oct. 24, 2014); *McAboy v. Intel Corp.*, No. 3:21-cv-01773-IM, 2022 U.S. Dist. LEXIS 8704, 2022 WL 1519081, at *3-6

Case 8:24-cv-01143-DOC-DFM  Document 44  Filed 10/08/24  Page 4 of 9  Page ID #:363

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01143-DOC-DFM																																																																	Date: October 8, 2024

Page 4

(D. Or. May 13, 2022); *Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 318-22 (D. Mass 201).

Courts are split on whether the forum defendant rule applies when a forum defendant was not served due to the timing of removal but was subsequently served. For example, some courts have found that the language of the statute is intended to prevent fraudulent joinder for the purpose of destroying diversity. *See Khashan v. Ghasemi*, No. 10-cv-00543-MMM, 2010 WL 14444884, at *2 (C.D. Cal. Apr. 5, 2010) (The "'properly joined and served' language of § 1441(b) does not prevent a finding that the removal was procedurally defective."). And as Judge Pfaelzer noted, allowing the "snap removal" advocated for "would eviscerate the purpose of the forum defendant rule" by allowing "removability to turn on the timing of service rather than the diversity of the parties." *Mass. Mut. Life Ins. Co. v. Mozilo*, No. 2:12-cv-03613-MRP, 2012 WL 11047336, at *2 (C.D. Cal. June 28, 2012); *see also Deutsche Bank Nat'l Tr. Co. v. Old Republic Title Ins. Grp., Inc.*, 2021 WL 1254352, at *6 (D. Nev. Apr. 2, 2021) ("snap removal runs counter to the expressly limited nature of diversity jurisdiction, courts' presumption against removal, public policy considerations surrounding plaintiff's choice of forum, and Congress' rejection of gamesmanship when originally enacting § 1441(b)(2).").

Here, it is undisputed that none of the Defendants were served prior to Defendants removing. *See* Notice of Removal; *See also* Mot. The parties dispute whether removal was proper under Section 1441(b) when Defendants had not been served yet. This case lacks complete diversity because two Defendants share California citizenship with Plaintiffs. Defendants also claim that these two California Defendants are sham defendants and are joined fraudulently.

### A. Defendant Bears the Burden to Establish Federal Jurisdiction

Defendant cites *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003) to argue that Plaintiffs bear the burden of justifying remand. Opp'n at 6-7. Defendants misinterpret *Breuer*'s ruling. As the Ninth Circuit held, the historical rule that it is defendant's burden to establish the prima facie case for removal still stands, and *Breuer* simply added that it is plaintiff's burden to establish exceptions to removal. *Serrano v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01143-DOC-DFM						Date: October 8, 2024

Page 5

*180 Connect, Inc.*, 478 F.3d 1018, 1021-22 (9th Cir. 2007) (citing *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684-85 (9th Cir. 2006)).

The burden is on Defendants to establish that removal is proper under the removal statute. Defendants must first establish that this action qualifies for removal, even with application of the forum defendant rule. Once Defendants have shown this, the burden will then shift to Plaintiffs to establish an exception to removal. Defendants have not completed the first step and have not met their burden here.

### B. 28 U.S.C. § 1441 Does Not Allow Defendants to Avoid the Forum Defendant Rule Through Removal Before Service

#### 1. The Plain Text of the Statute Requires Service Before Removal

In interpreting a statute, courts should examine the statute "as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous." *Talbot v. Tokarski*, No. CV-14-1170BLG0SPW-CSO, 2014 U.S. Dist. LEXIS 151331, 2014 WL 5437035, at *1 (D. Mont. Oct. 24, 2014) (citing *Boise Cascade Corp. v. United States EPA*, 942 F.2d 1427, 1432 (9th Cir. 1991)). While "the authoritative statement is the statutory text, not the legislative history," *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 568 (2005), the court may look beyond the plain statutory meaning if the language is ambiguous, or would lead to an absurd result. *Talbot*, 2014 U.S. Dist. LEXIS 151331, 2014 WL 5437035, at *2 (citing *Safe Air for Everyone v. U.S. E.P.A.*, 488 F.3d 1088, 1099 (9th Cir. 2007)). This Court finds the *Gentile* court's analysis of the plain statutory meaning persuasive. *See Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313 (D. Mass. 2013). Under the *Gentile* court's reading of the statute, the plain language dictates that service is required before removal, and this Court does not reach the question of whether allowing removal before service rises to the level of absurdity.

The current forum defendant rule (post-2011 amendment) prohibits removal "if *any* of the parties in interest properly joined and served as defendants" were forum defendants. *Gentile*, 934 F. Supp. 2d at 317 (citing 28 U.S.C. § 1441(b)(2)) (emphasis added). If the statute does not assume at least one party has been served, then the word

"any" becomes superfluous, contravening a fundamental principle of statutory interpretation. *Id*. As the *Gentile* court explains:

> "[T]he statute assumes at least one party has been served; ignoring that assumption would render a court's analysis under the exception nonsensical and the statute's use of 'any' superfluous. This would be contrary to the cardinal rule of statutory construction that '[a]ll words and provisions of statutes are intended to have meaning and are to be given effect, and no construction should be adopted which would render statutory words or phrases meaningless, redundant or superfluous.' *United States v. Ven-Fuel, Inc.*, 758 F.2d 741, 751-52 (1st Cir. 1985). Thus the lack of a party properly joined and served does not mean an 'exception' to removal is inapplicable, but rather means that an even more basic assumption embedded in the statute –that a party in interest had been served prior to removal—has not been met."

*Id*. at 318; *see also Pratt v. Alaska Airlines, Inc.*, No. 2:21-CV-84-DWC, 2021 U.S. Dist. LEXIS 91092, 2021 WL 1910885, at *3-4 (W.D. Wash. May 12, 2021) (finding that Section 1441(b)(2)'s use of "any" "clear[ly] and unambiguous[ly]" requires one defendant to have been served before a non-forum defendant can remove an action on the basis of diversity jurisdiction). This Court declines to ignore the clear statutory language that requires at least one defendant be served before defendants can remove to federal court.

### 2. The Context, History, and Purpose of the Statute Evince Congress's Intent to Require Service Before Removal

Reasonable minds have disagreed as to the meaning of Section 1441's language. If a possibility exists that the meaning of the statute's text is ambiguous, then courts may look beyond plain statutory meaning. *Talbot*, 2014 U.S. Dist. LEXIS 151331, 2014 WL 5437035, at *2 (citing *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 200 (1993)). While the authoritative statement is unquestionably the statutory text, the Supreme Court cautions against "constru[ing] words 'in vacuum.'" *Gundy v. United States*, 588 U.S. 128, 141 (2019) (citing *Davis v. Michigan Dep't of Treasury*, 489 U.S. 803, 809 (1989)). A fundamental canon of statutory interpretation is

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01143-DOC-DFM                                   Date: October 8, 2024

Page 7

that the words of a statute must be read holistically, with an eye to their context, history, and purpose to divine the meaning of the language. *Id*. If an interpretation of the statutory text produces not an absurd result, but "merely an unreasonable one 'plainly at variance with the policy of the legislation as a whole,'" courts must follow the interpretation of the text that is in harmony with its purpose. *United States v. Am. Trucking Ass'ns*, 310 U.S. 534, 543 (1940) (citations omitted).

Courts have engaged in extensive historical analyses of Section 1441(b)(2) in order to unearth Congress's intent behind enacting the statute. As other courts have found, the original purpose of diversity jurisdiction was "based on the desire of the Framers to assure out-of-state litigant courts free from susceptibility to potential local bias." *Hawkins v. Cottrell, Inc.*, 785 F. Supp. 2d 1361 (N.D. Ga. 2011) (citing *Lumbermen's Mut. Cas. Co. v. Elbert*, 348 U.S. 48 (1954) (Frankfurter, J., concurring)); *see also Gentile*, 934 F. Supp. 2d at 319-20 (citing the Federalist Papers' description of the roots of diversity jurisdiction, and tracing the origins of the Section 1441(b) "properly joined and served" limitation to an overarching Supreme Court desire at the time of the revision to prevent plaintiffs from defeating removal by fraudulently joining a forum defendant). An interpretation of the forum defendant rule that would allow a forum defendant to remove an action to federal court would clash with the policy behind the statute. The risk of a defendant suffering local bias does not apply when the defendant seeking removal is a citizen of the forum state. As the Ninth Circuit has stated, "Removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court . . . The need for such protection is absent, however, in cases where the defendant is a citizen of the state in which the case is brought." *Lively v. Wild Oats Mkts.*, 456 F.3d 933, 939 (9th Cir. 2006).

Moreover, the recent advent of the Internet and electronic case dockets, which allow snap removal, underscores the conclusion that Congress could not have intended to permit this practice. As one court reasoned, a Congress sitting in the 1940s could not have adequately had these concerns in mind:

> "Congress could not have anticipated the tremendous loophole that would one day manifest from technology enabling forum defendants to circumvent the forum defendant rule by, inter alia, electronically monitoring the state court

dockets. Thus, Congress would have had no thought to wording the statute with this modern problem in mind."

*Sullivan v. Novartis Pharms. Corp.*, 575 F. Supp. 2d 640, 645 (D. N.J. 2008). Following this logic, the Court agrees that a literal interpretation of Section 1441(b) disrupts the policy behind the forum defendant rule. That interpretation also unfairly advantages defendants with the resources to continuously monitor dockets nationwide, who can obtain notice of litigation before they are served. *Gentile*, 934 F. Supp. 2d at 321.

By understanding the statute to require service on any defendant before removal, plaintiffs have only the "modest burden" of ensuring that they effect service on a forum defendant before any non-forum defendants. *Id*. at 322. This interpretation aligns with the plain language of the statute, as well as its context, history, and purpose. Here, two of the Defendants, Hyundai Motor America ("HMA") and Kia America, Inc. ("KA"), are forum defendants: HMA is a California corporation with its principal place of business in Fountain Valley, CA, (Compl. ¶ 34), and KA is a California corporation with its principal place of business in Irvine, CA. (Compl. ¶ 46). These two of the four Defendants are forum defendants; neither of the two forum defendants were served before they filed for removal, thus violating the forum defendant rule. Thus, removal was not proper before any defendant was served. And, once forum defendants were served, there was no diversity jurisdiction.

### C. Sham Defendants

Defendants argue that the two forum defendants are sham defendants and were added merely to defeat diversity.

When analyzing whether the complete diversity requirement is satisfied courts disregard the citizenship of "sham defendants." *Nasrawi v. Buck Consultants, LLC*, 779 F. Supp. 2d 1166, 1169 (E.D. Cal. 2011) ("[R]emoval is proper despite the presence of a non-diverse defendant if that defendant is a 'fraudulently joined' or 'sham' defendant."). In the Ninth Circuit, a non-diverse defendant is deemed a "sham defendant" if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not recover against that defendant. *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009) (*citing Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)). "The expressed standard for fraudulent joinder is whether there is any possibility that a claim can be stated against the allegedly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01143-DOC-DFM             Date: October 8, 2024

Page 9

'sham' defendants." *Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 995 (D. Nev. 2005) (citing *Ritchey v. Upjohn Drug. Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). The defendant seeking removal to federal court has the burden of showing that a defendant was fraudulently joined and is entitled to present facts showing that the joinder is fraudulent. *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). All disputed questions of fact, however, are resolved in favor of the plaintiff. *Id*. Additionally, a finding of fraudulent joinder compels dismissal of the sham defendants. *Isaacs v Broido*, 358 Fed. Appx. 874, 876 (9th Cir. 2009).

     Defendants claim that HMA and KA are sham defendants and should not be considered for diversity purposes. Opp'n at 17-18 (Dkt. 26). The Defendants bear the burden of proving that joinder of HMA and KA was fraudulent. *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d at 807. Defendants argue that the statute of limitations have run for Plaintiffs' claims against HMA and KA because the longest applicable statute of limitations period in California is four years, and the limitations period began to run as early as nine years ago. Opp'n at 18. Defendants allege that Plaintiffs had notice of engine defects "as early as 2015, and at the latest 2017," when class action lawsuits were brought for similar defects. *Id*. Plaintiffs counter that their claims are not barred by the statute of limitations because they were either not beyond the limit or the limit was tolled due to fraudulent concealment by Defendants. Plaintiff's Reply in Support of Motion at 11-12 (Dkt. 31). This is supported by numerous loss claims in Exhibit 1 of Plaintiffs' Complaint that occurred in 2020, 2021, 2022, and even one claim in 2023. *See generally* Compl. (Dkt. 1). Resolving disputes of fact in favor of the Plaintiffs, the Court finds that Defendants have not met their burden to show that HMA and KA are sham defendants who should be ignored for diversity purposes.

**IV.**    **Disposition**

     For the reasons stated above, the Court **GRANTS** Plaintiff's Motion to Remand and **REMANDS** this case to Orange County Superior Court. All upcoming court dates are **VACATED**.

     The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk: kdu